ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 7 2000
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DIVISION
DALLAS, TEXAS

IN THE

| | | |
|---|---|---|
| SUPREME COURT OF TEXAS | § | FIFTH COURT OF APPEALS |
| | § | CASE No. 05-00-00346-CV |
| V. | § | |
| | § | 256TH DISTRICT COURT |
| 3-00CV1964-P | § | DALLAS COUNTY, TEXAS |
| | § | CASE NO. DF-99-04634-Z |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

/S/ *Roberto G. Castro*
ROBERTO G. CASTRO #570288
PACK UNIT  WING A 2-10
2400 WALLACE PACK ROAD
NAVASOTA, TX  77869

SEPTEMBER 1, 2000

UNITED STATES DISTRICT COURT
NORTHERN DIVISION
DALLAS, TEXAS

IN THE

| | | |
|---|---|---|
| SUPREME COURT OF TEXAS | § | FIFTH COURT OF APPEALS |
| | § | Case No. 05-00-00346-CV |
| v. | § | |
| | § | 256th DISTRICT COURT |
| 3-00CV1964-P | § | DALLAS, COUNTY, TEXAS |
| | § | Case No. DF-99-04634-Z |

- - - - -

PETITION FOR REVIEW

To: THE HONORABLE JUDGE OF SAID COURT:

Comes now, ROBERTO G. CASTRO, Petitioner, pro se, but not waiving the right to counsel, in the above styled and numbered cause, and moves this Honorable Court pursuant to the Fifth and Fourteenth Amendment (due process clause) of the United States Constitution. Petitioner also invokes the Texas Constitution art. 1, § 13 and § 19 and § 10, the right to be heard in court, by himself, by his attorney or both . . .

Petitioner will show unto this Court the below grounds for relief:

JURISDICTION

Petitioner states that this Court has concurrent jurisdiction to entertain this petition pursuant to the authorities invoke above by Petitioner.

STATEMENT

In order to preclude redundacy and excesive paper work, Petitioner directs the Court to the pleadings filed in the Supreme Court of Texas --Petition for Rehearing.

## STATEMENT OF THE CASE

That this case was recently litigated in the State Courts however to no avail. (See exh. #2)

## STATEMENT OF FACTS

Same request as above--

## ARGUMENT

This point is essentially disputed due to infringement of due process violation of legal rights, because no hearing violation of due process has taken placed. The trial Court deprived Petitioner of due process by not convene an evidentiary hearing upon Petitioner's petition for writ of mandamus. The intentional failure to withhold this hearing was done in order to protect the court's staff. Mandamus would have revealed the whereabouts of said letter (Respondent written answer) representing Petitioner's Community Property interest in dispute, and the higher State Courts approved said denial of due process and the equal protection of the laws.

Due process promulgates the following:

1. A flexible term for the compliance with the fundamental rules for fair and orderly legal proceedings;

2. Legal proceedings which observe the rules designed for the protection and enforcement of individial rights and liberties.

Code of Judicial Conduct --Canon 3 states in part as follows:

A. Adjudicative Responsibilities

(4) A judge shall accord to every person who is legally interested in a proceeding, or his or her lawyer, full right to be heard according to law.

B. Administrative Responsibilities

(2) A judge should require his or her staff and court officials

subject to the judge's direction and control to observe the standards of this code.

Mandatory language oftens means words like "shall," "will," or "must." Statutes with "shall," and "if," or "subject to," have the same effect as statutes with "shall," and "unless." Hewitt v. Helms, 459 U.S. at 471. In plain English, this means: when a statute or regulation says that under certain specified circumstances, officials must do something or must refrain from doing it, it creates a property interest.

Petitioner is invoking these languages in order to prove that the trial judge is compelled to issue a decision one way or the other, because there is no middle ground to stand, therefore, to defeat the Texas Legislature. The trial judge has no power to enact rule making.

Further, it is also said that when the provision of a statute is the essence of the thing required to be done, it is mandatory. Petitioner at this point claim the other side of the coin expelled by Rule 694, R.Civ.Proc., which states as follows:

Rule 694. NO MANDAMUS WITHOUT NOTICE

No mandamus shall be granted by the district or county court on ex parte hearing, and any PEREMPTORY MANDAMUS granted without notice shall be abated on motion.

Petitioner at this point claims the other side of the coin expelled by Rule 694, R.Civ.Proc., which states as follows:

Rule 694. No mandamus without notice.

The word shall appears again, and the definition of PEREMPTORY is: putting and end to or precluding a right of action. Petitioner's petition for mandamus cannot be abated nor denied, because Petitioner comply with the command of said rule. On the

other hand, Rule 694, T.R.Civ.Proc., is a two way street, if Relator fullfil his duty imposed by law, Relator's compliance binds the trial judge duty. Under the full concept of due process, the trial judge has no alternative but to obey the law therefore to issue writ of mandamus in order to honor his ethical duty imposed by law and by Canon 2 A., which states as follows:

A. A judge should respect and comply with the law and should conduct himself or herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Of all the cases cited in the Texas Open Records act book not one of them cites that the judge refused to make a decision in order to defeat duty imposed by law therefore to defeat the Texas Legislature who enacted the Texas Open Records Act. V.T.C.S. art. 6252-17a.

As due process is protected by State and Federal Constitutions, this point is of constitutional dimension that cannot be permitted to be defeated by anyone, no matter the position of the party. It has been said:

[21] The Supreme Court noted this truth in Economou when it quoted from United States v. Lee, 106 U.S. (16 otto) 196, 220, 1 S.Ct. 240, 27 L.Ed. 171 (1882). No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All officers of the government, from the highest to the least, are creatures of the law, and are bound to obey it. Butz v. Economou, supra, note 108, 438 U.S., at 506, 98 S.Ct., at 2910-11.

Now, Petitioner asks himself and the Court, why the refusal to comply with the law. The trial judge is well aware of the fact that no hearing is a violation of due process of law, and breach of duty under the concept of the Fourteenth Amendment clause. (See exh. #1)

P R A Y E R

WHEREFORE, PREMISES CONSIDERED, in essence, Petitioner prays that as the trial judge refused to convene an evidentiary hearing in order to weed out the whereabouts of Petitioner's written answer, and the higher Courts supported said action, Petitioner has no other remedy at law but to turn to the Federal Court in order to correct said intentional miscarriage of justice therefore to preclude irrepable injury. Because due process had been violated under the concept of the Fifth and Fourteenth Amendment and also the Texas Constitution due process and equal protection of the law, this Court has Federal and State jurisdiction to entertain this petition under dual jurisdiction. Further, Petitioner prays the Court grant the relief sought in the interest of justice and morals, and any other relief the Court deems proper.

IT IS SO PRAYED FOR

Executed on

September 1, 2000

*Roberto G. Castro*
ROBERTO G. CASTRO   #570288
Pack Unit   Wing A 2-10
2400 Wallace Pack Road
Navasota, TX   77869

DECLARATION

I, ROBERTO G. CASTRO, declare that I am of sound mind and competent to testify to this fact under the pain and penalty of perjury pursuant to Sec. 132.003, Texas Civil Practice & Remedies Code, that the foregoing is true and correct within the personal knowledge of the Declarant.

September 1, 2000

*Roberto G. Castro*
ROBERTO G. CASTRO   #570288

CERTIFICATE OF SERVICE

I, ROBERTO G. CASTRO, do hereby certify that a true and correct copy has been served to the parties concerned by placing same in the United States mail on this the <u>First</u> of <u>September</u> 2000, addressed to:

Texas Supreme Court
c/o John T. Adams, Clerk
P.O. Box 12248
Austin, TX  78711

Court of Appeals
Fifth District of Texas at Dallas
c/o Liza Matz, Clerk
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, 2nd Floor
Dallas, TX  75202-4658

Jim Hamlin,
District Clerk
256th Judicial District Court
600 Commerce Street
Dallas, TX  75202

file

*Roberto G. Castro*
ROBERTO G. CASTRO   #570288